IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLISON PRICE-BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 24-CV-134-GKF-SH |
| | ) |
| TTCU FEDERAL CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the court is the Motion to Dismiss [Doc. 7] of defendant TTCU Federal Credit Union. For the reasons set forth below, the motion is granted in part and denied in part.

**I.    THE ALLEGATIONS**

Plaintiff Allison Price-Brown alleges the following in her Complaint:[1]

Allison Price-Brown is an African American female who was employed by TTCU as a Branch Manager. On June 22, 2020, Ms. Price-Brown held a meeting with her branch team to decide a team name. Krissy, a white employee, recommended a team name which made use of a racial slur towards African Americans. Krissy later submitted falsified complaints against a black and LGBTQIA+ employee, refused to help black employees perform certain job functions, and failed to include black employees in training opportunities. In 2022, Krissy was placed as Ms. Price-Brown's assistant. Ms. Price-Brown and other TTCU employees submitted complaints against Krissy, but nothing was done.

In February of 2021, TTCU's CEO instructed Ms. Price-Brown to "[m]ake sure the [TTCUnity Award] doesn't just go to black people." Two months later, a TTCU security guard

---

[1] The operative pleading was originally filed in state court and styled as the "Frist [sic] Amended Petition." For the purposes of clarity, this order will refer to the pleading as the Complaint.

intimidated Ms. Price-Brown for speaking about Critical Race Theory. Specifically, the guard "had his hand on his gun as he slammed her office door and scoured [sic] at [Ms. Price-Brown]." Ms. Price-Brown reported the incident to the Chief of HR, but nothing was done.

In March of 2022, Ms. Price-Brown and her team were told that Black History decorations were only allowed in the break room.[2] Ms. Price-Brown met with the Chief of HR to complain about the restrictions on decorations. Following the meeting, TTCU allowed Black History decorations to be displayed in the public area.

In April of 2022, Ms. Price-Brown resigned from her position "after [TTCU] refused to take any action to remedy the many harassing and discriminatory actions that had occurred to Plaintiff and her co-workers, in contravention of written company policy." Upon receipt of Ms. Price-Brown's resignation, TTCU's Vice President of Branch Operations met with Ms. Price-Brown and "tried to get [Ms. Price-Brown] to say with [TTCU]." The Vice President offered to move Krissy to another branch. Ms. Price-Brown refused the offer because she had already accepted a job offer from another employer and she did not feel protected and supported by TTCU.

On August 7, 2023, Ms. Price-Brown filed a Charge of Discrimination with the EEOC, which she signed and verified under penalty of perjury. Ms. Price-Brown's Charge differs from her Complaint in that the Charge states that she resigned from her position in May of 2022, whereas the Complaint states that she resigned in April of 2022. On September 29, 2023, Ms. Price-Brown received a Notice of Right to Sue from the EEOC.

---

[2]Ms. Price-Brown also references restrictions on "PRIDE decorations." However, Ms. Price-Brown does not allege that she was discriminated against on the basis of her sexual orientation. As such, the alleged restrictions on PRIDE decorations are irrelevant to her claims.

Ms. Price-Brown asserts the following causes of action: (1) discrimination in violation of Title VII; (2) retaliation in violation of Title VII; (3) discrimination in violation of the Oklahoma Anti-Discrimination Act (OADA), a state law claim; and (4) retaliation in violation of the OADA.

TTCU moves to Price-Brown's claims for failure to state a claim upon which relief can be granted. Ms. Price-Brown filed a response in opposition to the motion and TTCU filed a reply.

**II.    MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim that "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court accepts as true all factual allegations and views them in the light most favorable to the non-movant, but this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678.

Generally, the court may not properly consider matters outside the pleadings when adjudicating a motion to dismiss. Fed R. Civ. Pro. 12(b). However, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997). "Mere legal conclusions and factual allegations that contradict such a properly considered document are not well-pleaded facts

3

that the court must accept as true." *Id*. (citing *Jackson v. Alexander*, 465 F.2d 1389, 1390 (10th Cir. 1972); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 & n. 13 (2d ed. 1990)).

### III. ANALYSIS

As previously stated, Ms. Price-Brown asserts four causes of action against TTCU: (1) discrimination in violation of Title VII, (2) retaliation in violation of Title VII, (3) discrimination in violation of the OADA, and (4) retaliation in violation of the OADA.

#### A. THE OADA CLAIMS

In her response to TTCU's motion to dismiss, Ms. Price-Brown concedes that she failed to file a Charge within 180 days of the last allegedly discriminatory practice as required by the OADA. [Doc. 11, p. 3]. Ms. Price-Brown's failure to file a timely Charge prohibits the court from exercising jurisdiction over her OADA claims. *Jenkins v. CACI Int'l Inc.*, No. CIV-21-0501-F, 2021 WL 4887983, at *1 (W.D. Okla. Oct. 19, 2021) (unpublished).[3] Accordingly, the court dismisses without prejudice Ms. Price-Brown's OADA claims *sua sponte* for lack of subject matter jurisdiction.[4]

#### B. THE TITLE VII CLAIMS

Title VII requires that a "charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). "A plaintiff normally may not bring a Title VII action based upon claims that were

---

[3] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

[4] "[T]he district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction." *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

not part of a timely-filed EEOC Charge for which the plaintiff has received a right-to-sue-letter." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018) (quoting *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004)). Where a plaintiff brings claims under Title VII for which she did not file a timely charge with the EEOC, she has not exhausted her administrative remedies for such claims and the appropriate result is dismissal under Fed. R. Civ. P. 12(b)(6). *See Jara v. Standard Parking*, 701 F. App'x. 733, 735-36 (10th Cir. 2017).

The court presumes that Ms. Price-Brown was constructively discharged on May 31, 2022.[5] TTCU attached a copy of the Charge to its motion to dismiss. Ms. Price-Brown's Charge was filed August 7, 2023, which is more than 300 days after May 31, 2022. Accordingly, TTCU seeks dismissal of Ms. Price-Brown's Title VII claims for failure to exhaust administrative remedies.

In her response to TTCU's motion, Ms. Price-Brown does not dispute the authenticity of the Charge submitted to the court by TTCU, nor does she attempt to argue that it was timely. Instead, Ms. Price-Brown alleges that she submitted an online inquiry on December 29, 2022, and set an appointment with the EEOC on the same day. Ms. Price-Brown cites *Semsroth v. City of Wichita*, 304 F. App'x. 707 (10th Cir. 2008), for the proposition that such actions can satisfy the timely charge filing requirement.

Whatever the significance of Ms. Price-Brown's alleged online inquiry and appointment with the EEOC may be, those allegations are not properly before the court at this time. Ms. Price-Brown "cannot amend her complaint by adding or changing factual allegations in response to a motion to dismiss." *Vanterpool v. Fed'n of Chiropractic Licensing Bds.*, 22-CV-1208, 2022 WL

---

[5]This date for Ms. Price-Brown's constructive discharge is drawn from the formal Charge. The court may disregard the conflicting date in the Complaint in favor of the date in the Charge. *See GFF Corp.*, 130 F.3d at 1385 (10th Cir. 1997).

16635391, at *4 (D. Colo. Nov. 2, 2022) (unpublished) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). Ms. Price-Brown does not mention her online inquiry or appointment with the EEOC in her Complaint. Accordingly, the court cannot consider those actions in resolving the instant motion.

TTCU's motion to dismiss must therefore be granted as to the Title VII claims because Ms. Price-Brown failed to file a timely Charge with the EEOC.

## IV. Conclusion

WHEREFORE, the Motion to Dismiss [Doc. 7] of defendant TTCU Federal Credit Union is granted in part and denied in part.

The motion is granted as to the Title VII claims.

The motion is denied as to the OADA claims because the court lacks subject matter jurisdiction. However, the court dismisses Ms. Price-Brown's OADA claims *sua sponte* for lack of subject matter jurisdiction.

Both the Title VII and OADA claims are dismissed without prejudice. Ms. Price-Brown is granted leave to file an Amended Complaint to cure the deficiencies identified herein. Specifically, Ms. Price-Brown may amend her Title VII claims on or before June 20, 2024, to include factual allegations related to her online inquiry and subsequent actions. Plaintiff may not amend to include any new causes of action.

IT IS SO ORDERED this 5th day of June, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE